[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 26, 2007
THOMAS K. KAHN
CLERK

No. 07-10427
Non-Argument Calendar

_____

D. C. Docket No. 06-80105-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 26, 2007)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Henry Anderson appeals his sentence imposed after he plead guilty to one count of distribution of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 851, 841(a)(1) and (b)(1)(C), and one count of possession with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. §§ 851, 841(a)(1) and (b)(1)(B). Anderson argues that the district court erred by permitting the enhancement of his sentence pursuant to 21 U.S.C. § 851, and his classification as a career offender under U.S.S.G. § 4B1.1 because his prior felony drug convictions were not included in the indictment. Anderson concedes, however, that we have held that Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is still binding precedent in this Circuit. Second, Anderson argues that, even in light of his criminal history, his sentence of 220 months' imprisonment is unreasonable based on the nature of the offense and his personal history and characteristics. For the reasons set forth more fully below, we affirm.

Before Anderson pled guilty to both counts in the indictment, the government filed a notice of prior felony drug convictions, pursuant to 21 U.S.C. § 851. The notice indicated that, in 1992, Anderson was convicted of 1 count of possession of cocaine, 1 count of selling cocaine within 1,000 feet of a school, and 1 count of possession of cocaine with intent to sell within 1,000 feet of a school, in

2

violation of Florida state law. Anderson did not challenge the validity of these prior convictions at the sentencing hearing. The district court sentenced Anderson below the advisory guideline range to concurrent terms of 220 months' imprisonment as to each count, to be followed by 8 years' supervised release.

## I.

We review properly preserved constitutional claims de novo, but reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Similarly, we also review the district court's decision to classify a defendant as a career offender de novo. United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir.), cert. denied, 126 S.Ct. 2911 (2006). A district court does not err by relying on prior convictions to enhance a defendant's sentence. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). In Almendarez-Torres, the Supreme Court held that prior convictions could be considered and used to enhance a defendant's sentence without having been alleged in the indictment or proved beyond a reasonable doubt. 523 U.S. at 244-46, 118 S.Ct. at 1231-32. Subsequent decisions, namely, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), have not disturbed its holding. Gibson, 434 F.3d at 1246.

3

"Although recent decisions . . . may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres.  As a result, we must follow Almendarez-Torres."  United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005); see Gibson, 434 F.3d at 1246-47.

As Anderson acknowledges in his brief, his arguments are contrary to this Court's precedent.  Thus, the district court did not err when it enhanced Anderson's sentence based on his prior convictions.  See Shelton, 400 F.3d at 1329.  Anderson acknowledges that whether a district court can enhance a sentence based on prior convictions neither alleged in the indictment nor proven beyond a reasonable doubt survives based on the continued vitality of Almendarez-Torres.  As we have held that the decision in Almendarez-Torres is still good law, Anderson's claim fails.  See Gibson, 434 F.3d at 1246-47; Carmacho-Ibarquen, 410 F.3d at 1315-16.

## II.

We review the final sentence imposed by the district court for reasonableness.  United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).  Unreasonableness may be procedural, when the court's procedure does not follow Booker's requirements, or substantive.  See United States v. Hunt, 459 F.3d 1180,

4

1182 n.3 (11th Cir. 2006). When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006). When imposing a sentence, the district court must first correctly calculate the Guidelines. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Second, the district court must consider the following factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. Id. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id.

"When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors

5

by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363. "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Talley, 431 F.3d at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we will not "substitute our judgment in weighing the relevant factors because our review is not de novo." Williams, 456 F.3d at 1363 (citation and quotations omitted). As we recognized in Williams, however, the district court's choice of a sentence is not unfettered. Id.

With regard to the procedural reasonableness of Anderson's sentence, the district court stated that it had considered the statements of the parties and the PSI, which contained the advisory Guidelines. Moreover, the district court explicitly considered the § 3553(a) factors and the factors Anderson offered in mitigation, determining that a sentence below the low-end of the advisory guideline range was justified. Accordingly, the district court's analysis of the § 3553(a) factors was sufficient. See Talley, 431 F.3d at 786.

Anderson also has not established that his sentence is substantively unreasonable. Anderson's 220-month sentence was 42 months below the low-end

6

of the advisory guideline range, and well below both the enhanced statutory maximum sentence of life imprisonment, as well as the un-enhanced statutory maximum sentence of 40 years' imprisonment. 21 U.S.C. §§ 841(b)(1)(B), 851. Anderson's advisory guideline range was affected by his criminal history, which included two previous felony drug convictions involving the sale of cocaine, and thus, resulted in his classification as a career offender. The district court considered these prior criminal activities, along with the nature and circumstances of the instant offense, in determining that a long period of incarceration was necessary to promote respect for the law, provide just punishment, protect the public, and serve as adequate deterrence. The court also specifically considered Anderson's personal history and family background, along with the fact that he had already spent nine months in custody concerning the instant offense, which would not be credited to his federal sentence. Accordingly, Anderson's sentence is reasonable.

In light of the foregoing, Anderson's sentence is

**AFFIRMED.**

7